IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELICIA EDWARDS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Case No.: 3:20-cv-00778 |
| v. | ) ) |
| UNIVAR USA INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff FELICIA EDWARDS ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant UNIVAR USA INC. ("Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. 201 *et seq.*, and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is a collective action brought by Plaintiff challenging acts committed by Defendant against Plaintiff and those similarly situated, which amount to violations of federal wage and hour laws.

2. Defendant employed Plaintiff and all those similarly situated as Customer Service Representatives (collectively, "CSRs") in Dallas, Texas.

3. Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective group of persons employed by Defendant as Customer Services Representatives within Dallas, Texas during the past three (3) years through the final date of the disposition of this action who

were subject to Defendant's "on call" policy and were not paid an overtime premium for all hours worked in excess of forty (40) hours per week. Specifically, Plaintiff alleges that Defendant violated the FLSA by requiring each CSR to remain "on call" for one hundred and sixty-eight (168) hours approximately one week per month. Pursuant to this "on call" policy, Defendant did not pay CSRs with an overtime premium of one and a half (1½) times their hourly rate for all hours worked during the "on call" week that were in excess of forty (40). Instead, Defendant gave CSRs the option of being paid straight-time for the "on call" overtime hours or to "bank" the "on call" overtime hours to use as future paid time off. Accordingly, CSRs were not compensated one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week.

4. Plaintiff further alleges that she and all others similarly situated are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a work week, as required by law, (ii) unpaid overtime wages, (iii) liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) under 29 U.S.C. §§ 201 *et seq*.

6. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also

proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conduct business and reside in this district.

## THE PARTIES

7. Plaintiff is a citizen of Texas and resides in Mesquite, Texas.

8. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the FLSA.

9. Defendant is a corporation, which is incorporated in Delaware and registered to do business in the State of Texas.

10. Defendant transacted and continues to transact business within the State of Texas and this judicial district by formerly and currently employing CSRs within Dallas, Texas and by owning and operating facilities within Dallas, Texas.

11. Defendant has at all relevant times been an employer covered by the FLSA.

12. Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA's overtime requirements.

13. Upon information and belief, Defendant is engaged in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## STATEMENT OF FACTS

### I.     General Facts.

14. Throughout the relevant time period, CSRs were employed by Defendant at their Dallas, Texas Customer Service Department.

15. CSRs were required to perform intakes for Defendant's customers who were inquiring into an issue they had in the course of their business with Defendant and to provide a

**ORIGINAL COMPLAINT**

solution to that issue. CSRs were also required to perform account management, order entry, order fulfillment, and shipping arrangement.

16. CSRs were paid on an hourly basis.

17. CSRs were not paid on a salary or fee basis.

18. CSRs are paid approximately $20.00 per hour.

19. CSRs were compensated bi-weekly via check or direct deposit.

20. Defendant did not permit CSRs to use their independent judgment on matters of significance.

21. Throughout the relevant time period, CSRs were regularly scheduled to work forty (40) hours per week.

22. Throughout the relevant time period, CSRs recorded their time on a computer system.

23. Throughout the relevant time period, CSRs were not exempt from the statutory provisions of the FLSA.

**II.     Facts Pertaining to Defendant's FLSA Violations.**

24. Throughout the relevant time period, Defendant required each CSR to work one (1) "on call" week approximately once per month in addition to their regular forty (40) hour per week schedule.

25. When a CSR was "on call," they were required to be available all hours of the day and night to answer Defendant's customer service calls.

26. CSRs were not permitted to reject customer service calls while "on call" and were subject to discipline if they did. For example, if Defendant's customer called the "on-call" CSR at midnight, the CSR was required to answer the call and tend to the customer's needs.

27. CSRs answered customer service calls and performed their job duties during their "on call" hours.

28. CSRs scheduled to work "on call" were required to work their normal forty (40) hour per week shift in addition to their "on call" time.

29. The "on call" work was performed in addition to their regular forty (40) hour per week schedule.

30. Accordingly, throughout the relevant time period, Defendant required CSRs to work one hundred and sixty eight (168) hours per week during the week that they were "on call."

31. Pursuant to the "on call" policy, Defendant did not pay CSRs with an overtime premium of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) hours per week.

32. Instead, Defendant gave CSRs the option of being paid straight-time for the "on call" overtime hours worked or to "bank" the overtime hours to use as future time off.

33. CSRs were not permitted to use their "banked" hours while "on call."

34. CSRs are not exempt from the statutory provisions of the FLSA.

35. Accordingly, CSRs were not compensated one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week in violation of the FLSA.

36. Defendant was aware that CSRs worked in excess of forty (40) hours per week when they were "on call."

37. CSRs were not required to record their "on call" time worked.

38. CSRs were given their "on call" schedule by Defendant via a paper document.

### III.     Facts Pertaining to Plaintiff.

39.     In or around May 2018, Plaintiff began her employment with Defendant as a CSR and currently remains employed by Defendant as a CSR.

40.     Throughout the relevant time period, Plaintiff was employed at Defendant's Customer Service Facility located in Dallas, Texas.

41.     As a CSR, Plaintiff was paid on an hourly basis.

42.     As a CSR, Plaintiff was not paid on a salary or fee basis.

43.     Plaintiff is paid approximately $21.00 per hour.

44.     Throughout the relevant time period, Plaintiff's regular schedule was forty (40) hours per workweek.

45.     Throughout the relevant time period, Plaintiff entered the hours she worked per work week in Defendant's computerized time recording system.

46.     Throughout the relevant time period, Plaintiff was subjected to Defendant's "on call" policy as described above.

47.     Throughout the relevant time period, Plaintiff answered customer service calls and performed work during her "on call" hours. This work was performed in addition to her regular forty (40) hour per week schedule.

48.     Accordingly, throughout the relevant time period, while "on call," Plaintiff worked in excess of forty (40) hours per week and was not compensated with an overtime premium of one and half (1½) times her hourly rate for all hours worked in excess of forty (40) hours per work week.

49.     Throughout the relevant time period, Plaintiff was not exempt from the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff seeks to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following collective:

> All persons employed by Defendant as Customer Service Representatives within Dallas, Texas during the relevant time period, who have been subject to Defendant's policy "on call" policy.

51. At all relevant times, Plaintiff was similarly situated to all such individuals in the FLSA Collective[1] because while employed by Defendant, Plaintiff and all FLSA Plaintiffs performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, were required to work in excess of forty (40) hours per work week, and were subject to Defendant's unlawful "on call" policies and practices of willfully failing to pay them at the statutorily required rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week.

52. Defendant is and has been aware of the requirement to pay Plaintiff and the FLSA Plaintiffs at a rate of one and a half (1½) times their hourly rate for all hours worked in excess of forty (40) per week, yet willfully failed to do so.

53. The FLSA Plaintiffs, under Plaintiff's FLSA claim, are readily discernable and ascertainable. All FLSA Plaintiff's contact information is readily available in Defendant's records. Notice of this collective action can be made as soon as the Court preliminarily certifies the collective.

54. All questions relating to Defendant's violations of the FLSA share the common factual basis with Plaintiff. No claims under the FLSA relating to the failure to pay statutorily

---

[1] Hereinafter referred to as the "FLSA Plaintiffs."

required overtime premiums are specific to Plaintiff and the claims asserted by Plaintiff are typical of those of members of the collective.

55. Plaintiff will fairly and adequately represent the interests of the collective and has no interests conflicting with the collective.

56. A collective action is superior to all other methods of claim adjudication and is necessary in order to fairly and completely litigate violations of the FLSA.

57. Plaintiff's attorneys are familiar and experienced with collective and class action litigation, as well as employment and labor law litigation.

58. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual FLSA Plaintiffs also creates a risk for varying results based on identical fact patterns as well as disposition of the collective's interests without their knowledge or contribution.

59. The questions of law and fact are nearly identical for all FLSA Plaintiffs and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Defendant's continued violations of the FLSA will undoubtedly continue.

## CAUSE OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, Made by Plaintiff on Behalf of All FLSA Plaintiffs**

60. Plaintiff and the FLSA Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

61. Throughout the period covered by the applicable statute of limitations, Plaintiff and other FLSA Plaintiffs were required to work and did in fact work in excess of forty (40) hours per week pursuant to Defendant's "on call" policy.

62. Upon information and belief, Defendant knowingly failed to pay Plaintiff and the FLSA Plaintiffs for all hours worked and failed to pay Plaintiff and the FLSA Plaintiffs the statutorily required overtime rate for all hours worked in excess of forty (40) per work week.

63. Defendant's conduct was willful and lasted for the duration of the relevant time periods.

64. Defendant's conduct was in violation of the Fair Labor Standards Act.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs employed by Defendant, demands judgment against Defendant as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all members of the purported Collective, defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Designation of Plaintiff as representative of the FLSA Collective and defined herein, and Plaintiff's counsel as Collective Counsel;

C. Demand a jury trial on these issues to determine liability and damages;

D. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with

them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  E. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

  F. Awarding all damages which Plaintiff and FLSA Plaintiffs have sustained as a result of Defendant's conduct, including back pay for unpaid overtime wages and liquidated damages;

  G. Awarding Plaintiff and FLSA Plaintiffs of pre-judgment interest at the highest legal rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

  H. Awarding Plaintiff and FLSA Plaintiffs representing Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

  I. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  J. Awarding pre-judgment and post-judgment interest, as provided by law; and

  K. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated:   April 2, 2020

/s/ *Jay D. Ellwanger*
Jay D. Ellwanger
Texas Bar No. 24036522
jellwanger@equalrights.law
David W. Henderson
Texas Bar No. 24032292
dhenderson@equalrights.law
**Ellwanger Law LLLP**
400 South Zang Blvd., Suite 1015
Dallas, Texas 75208
T: (737) 808-2260

OF COUNSEL:

James A. Vagnini
*pro hac vice admission pending*
jvagnini@vkvlawyers.com
Alexander M. White
*pro hac vice admission pending*
awhite@vkvlawyers.com
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180

**ATTORNEYS FOR PLAINTIFF**