UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELICIA EDWARDS, *individually and on behalf of all others similarly situated*,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>UNIVAR USA, INC.<br><br>　　　　*Defendant*. | Civil Action No. 3:20-CV-00778-X |

## MEMORANDUM OPINION AND ORDER

Felicia Edwards sued Univar USA, Inc. alleging that work requirements and compensation related to the company's on-call schedule violated the overtime provisions of the Fair Labor Standards Act. Edwards also seeks to represent other similarly situated Univar employees and filed a Motion for Conditional Certification of a Collective [Doc. No. 11]. For the reasons below, the Court **GRANTS** the motion for conditional certification.

### I. Factual Background

Univar employed Edwards as a Customer Service Representative in its Dallas facility. Representatives' regular work schedules consist of a forty-hour work week. But once a month, representatives are also required to work an "on-call" schedule in addition to the regular work week. The on-call schedule requires the representative to be available to answer customer calls at all hours of the day, each day for that week. However, the representative is only required to perform company tasks during

1

after-hours if a call is actually received, and Univar gives the representatives equipment to fulfill on call duty remotely. For each week of on call duty, Customer Service Representatives are compensated with the choice of four additional hours of straight time pay for that week or four additional hours of paid time off.

After Edwards filed this lawsuit, two more Customer Service Representatives filed their consents to join the litigation. All three representatives provided declarations in support of the motion for conditional certification.

## II. Legal Standards

Section 16(b) of the Fair Labor Standards Act allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated."[1] Only employees who provide express written consent to join the suit may join a class under the Act.[2] This "opt-in" approach separates class actions under the Fair Labor Standards Act from those governed by the "opt-out" method in Federal Rule of Civil Procedure 23.[3]

Courts use one of two procedures to certify classes under the Fair Labor Standards Act. The dominant approach employs the two-step process exemplified in *Lusardi v. Xerox Corp.*[4] In the first step, "the district court makes a decision—usually based only on the pleadings and any affidavits [that] have been submitted—whether

---

[1] 29 U.S.C. § 216(b).

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

[3] *See* FED. R. CIV. P. 23; *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

[4] 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).

notice of the action should be given to potential class members."[5] "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[6] "[A]t the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan'" as evidence sufficient to move beyond the first step.[7] "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'"[8]

The second step consists of a "decertification" analysis conducted after the close of discovery and upon motion by the defendant. "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."[9] The action then proceeds as follows:

> If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e. the original plaintiffs—proceed to trial on their individual claims.[10]

---

[5] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[6] *Id.* at 1214.

[7] *Id.* at 1214 n.8 (quoting *Sperling v. Hoffmann–La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).

[8] *Id.* at 1214; *see also Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

[9] *Mooney*, 54 F.3d at 1214. "*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis." *Id.* at 1213.

[10] *Id.* at 1214.

"[B]y its nature," the *Lusardi* approach "does not give a recognizable form to [a Fair Labor Standards Act] representative class, but lends itself to *ad hoc* analysis on a case-by-case basis."[11]

The second approach to class certification involving the Fair Labor Standards Act is exemplified by *Shushan v. University of Colorado*.[12] This approach considers "the 'similarly situated' inquiry to be coextensive with Rule 23 class certification."[13] Courts following the *Shushan* approach analyze class certification under the Fair Labor Standards Act class using Rule 23 factors like "numerosity, commonality, typicality, and adequacy of representation."[14] "Under this methodology, the primary distinction between [a Fair Labor Standards Act] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [Fair Labor Standards Act] representative action are not bound by its results."[15]

The Fifth Circuit has expressly declined "to decide which, if either, of the competing methodologies should be employed in making [a Fair Labor Standards Act] class certification decision."[16] The Northern District of Texas, however, more commonly adheres to the two-step *Lusardi* method.[17] The Court will continue in this district's trend and utilize the two-step approach.

---

[11] *Id.* at 1213 (emphasis in original).

[12] 132 F.R.D. 263 (D. Colo. 1990).

[13] *Mooney*, 54 F.3d at 1214.

[14] *Id.* (quotation marks omitted).

[15] *Id.*

[16] *Id.* at 1216.

[17] *See, e.g., Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. Oct. 30, 2008) (Kinkeade, J.) (collecting cases).

## III. Analysis

### A. Conditional Certification

This case is at the "notice stage" of the *Lusardi* two-step analysis. Without guidance from the Fifth Circuit, courts are split on what elements to evaluate in determining whether to grant conditional certification. Some courts rely on a three-element test that requires the plaintiff to show that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[18] But other courts reject the third, non-statutory element.[19] Because this third element is not statutory and has not been required, or even discussed, by a higher court, the Court agrees that plaintiffs need not present evidence that aggrieved individuals actually want to opt into the lawsuit.[20] The Court will evaluate this motion using the first two elements.

First, Edwards must demonstrate that there is a reasonable basis for crediting her assertion that aggrieved individuals exist, which is to say she must show that it is reasonable to believe that there are other aggrieved employees who were subject to an allegedly unlawful policy.[21] Edwards provided the Court with declarations stating

---

[18] *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 2d 902, 915 (S.D. Tex. 2010).

[19] *Id.* at 915–16.

[20] *See id.* at 916.  *See also Long v. Wehner Multifamily, LLC*, 303 F. Supp. 3d 509, 513 (N.D. Tex. 2017) (Godbey, J.) (declining to require evidence that aggrieved individuals wish to join the lawsuit in order to grant conditional class certification).

[21] *See Villarreal*, 751 F. Supp. 2d at 916–17.

that Univar employed several other Customer Service Representatives and that each of them were required to work on-call weeks—compensated with either four additional hours of straight paid time for that week or four hours of paid time off.[22] If Univar's on-call policies violated the Fair Labor Standards Act, then these Customer Service Representatives were also subject to that allegedly unlawful policy. Therefore, Edwards has provided sufficient evidence that other aggrieved individuals exist.

Next, Edwards must demonstrate that the aggrieved individuals are similarly situated to her in relevant respects given the claims and defenses asserted. This requires Edwards to show that she and the proposed class "are similarly situated with respect to their job requirements and with regard to their pay provisions."[23] "The positions need not be identical, but similar."[24] Here, the declarations from Edwards, Priscilla Narvaez, and Megan Mitchell demonstrate that Customer Service Representatives have similar job requirements[25] and compensation.[26] Thus, for the purpose of conditional certification, Edwards provided sufficient evidence that she is similarly situated to the aggrieved individuals. And because Edwards presented

---

[22] Doc. No. 13, Exhibit 1 at 3; Exhibit 2 at 3; Exhibit 3 at 3.

[23] *Long*, 303 F. Supp. 3d at 513 (alterations and quotation marks removed).

[24] *Id.* (alterations and quotation marks removed).

[25] Namely, "performing account management, order entry, order fulfillment, and shipping arrangement," as well as the on-call duties at issue in this case. Doc. No. 13, Exhibit 1 at 2; Exhibit 2 at 2; Exhibit 3 at 2.

[26] Each representative receives hourly pay for their regular schedules and the option of four additional straight time hours or four additional hours of paid time off. *Id.*, Exhibit 1 at 3; Exhibit 2 at 3; Exhibit 3 at 3.

sufficient evidence to satisfy both elements for conditional certification, the Court **GRANTS** the motion for conditional certification.

### B. Class Notice

Edwards also provided a proposed class notice to be sent to potential class members. But Univar objects to the content, form, timing, and method of distributing the class notice. The Court **ORDERS** the Parties to meet and confer in order to jointly prepare a proposed class notice. The proposed class notice should be filed with the Court within 21 days of the date of this order.

### IV. Conclusion

For the forgoing reasons the Court **GRANTS** the motion for conditional certification and **ORDERS** the parties to meet and confer in order to draft a proposed class notice. The proposed notice is due 21 days from the date of this order.

**IT IS SO ORDERED** this 12th day of January, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE